IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **COURTNEY WHITE,** <br> **#240547,** <br>     **Plaintiff,** <br><br> v. <br><br> **WILLIAM TAYLOR, et al.,** <br><br>     **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. 2:22-cv-257-RAH-CWB <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Courtney White, acting *pro se*, filed this 42 U.S.C. § 1983 action on April 5, 2022. (Doc. 1). On July 15, 2022, the court issued an Order directing Plaintiff to pay an initial partial filing fee of $8.33 by August 5, 2022. (Doc. 7). The court specifically cautioned Plaintiff that his failure to pay the initial partial filing fee would result in a recommendation that the case be dismissed. (*Id.* at p. 3). Nonetheless, nearly a month has passed since the deadline, and Plaintiff has neither complied with nor otherwise responded to the court's Order.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to remit an initial partial filing fee despite the court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, the undersigned RECOMMENDS this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

It is further ORDERED that, by September 14, 2022, the parties may file written objections to this Recommendation.[1] An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of August 2022.

CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Eleventh Circuit has instructed that, before dismissing an action for a prisoner's failure to pay a court-ordered initial partial filing fee, the District Court must take reasonable steps to determine whether the prisoner complied with the order, *i.e.*, whether the prisoner provided authorization for prison officials to remit the payment. *See Wilson v. Sargent*, 313 F.3d 1315, 1321 (11th Cir. 2002). Giving a prisoner reasonable opportunity to object to the Magistrate Judge's Recommendation satisfies that requirement. *See id.*